BARHAM, Justice
(dissenting from refusal to grant writ).
This application for writ of habeas corpus and the case of State v. Alexander, 255 La. 941, 233 So.2d 891, which was reversed by the United States Supreme Court in Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536, come from the same jurisdiction. Our decision in State v. Alexander was reversed under a holding that the system for selecting the general venire, at two points during the selection, when the list was reduced to 2000 and when the list of 400 veniremen was finally made up, by indicating those who were black and those who were white was designed to offer opportunity to purposefully discriminate because of race. The United States Supreme Court further found that there was a substantial disparity between the percentage or proportion of blacks in the grand jury venire and on the grand jury and the percentage of blacks in the population of the parish. That court held that since a prima facie case of discrimination had been established, the State had the burden of proving there were in fact no discriminatory practices, and that it had failed to do so.
The evidence in Alexander is far more extensive both as to practices and as to lack of intent to discriminate than that which we have for consideration in the present application. The evidence taken on the brief evidentiary hearing in the instant case simply establishes that the same procedure used in Alexander was followed here in selecting the general venire, which in turn produced the petit jury venire and the petit jury. Relator complains that both the petit jury venire and the petit jury were formed by this discriminatory procedure. The number of blacks contained in the petit jury venire and the number actually on the petit jui'y in the instant case are disproportionate in the light of the actxxal racial composition of the parish.
The practice of listing potential veniremen by race which obtained in Alexander has been continued. The evidence in both cases establishes disparity, and the State fails in both cases to dischax-ge the burden of showing that this disparity was not in fact the resxxlt of discriminatox'y practices. Therefore this case and Alexander cannot be distinguished.
The final result when this matter reaches the federal system will be the same as in Alexander v. Louisiana, and the majority’s denial of this writ has merely postponed that xxltimate disposition, to the detriment of the relator, the State, the local commxxnity involved, the local coxxrt system, and the people in general.
I therefore respectfully dissent fx'om the refusal to grant the writ.